**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOHN DOE, on behalf of himself and as Parent and Next Friend of MINOR DOE, ) ) ) | |
| Plaintiffs, ) | Case No.: |
| ) vs. ) ) | **JURY TRIAL DEMANDED** |
| SAINT LOUIS PUBLIC SCHOOL DISTRICT, ) and DOROTHY ROHDE-COLLINS and ) KELVIN ADAMS, in their ) individual capacities, ) ) | |
| Defendants. ) | |

**COMPLAINT**

**INTRODUCTION**

Michael West was an in-school suspension monitor in the St. Louis Public School System at Vashon High School.  In that position of confidence, he sexually abused Plaintiff Minor Doe, who was a student, by soliciting Minor Doe to perform sexual acts for others and himself in exchange for money.  In addition, West requested that Minor Doe send pictures of his genitals to West's phone.  West is serving five years in a Missouri prison for his repulsive conduct.  The St. Louis Public School System, its employees and its agents allowed this sexual abuse to happen.

Worse yet, Defendants magnified the harm by taking no action to help Minor Doe continue his education in a safe and suitable environment following the sexual abuse.  Instead, Minor Doe was subjected to bullying and harassment from other students, was moved to other schools to protect West, and eventually, Minor Doe left the district to continue his education elsewhere.

For their Complaint against the Defendants, Plaintiffs state as follows:

1

## PARTIES

1. Plaintiff John Doe ("John Doe") is a resident of Missouri, and the natural parent of Minor Doe.

2. Plaintiff Minor Doe ("Minor Doe") is a minor, and is a resident of the State of Missouri. Minor Doe was a student at Vashon High School ("Vashon") at the time of the incidents giving rise to his Complaint.

3. Plaintiffs believes that their anonymity is necessary to protect the identity of Minor Doe, and Plaintiffs are agreeable to disclosing their identities subject to an appropriate protective order or as the Court may otherwise direct. Defendants will not be prejudiced by keeping the identity of the Plaintiffs anonymous.

4. The St. Louis Public School System ("SLPS") provides public education within the boundaries of the City of St. Louis; however, SLPS is, like any other school district in Missouri, an entity independent of any municipal government.

5. Dorothy Rohde-Collins ("Rhode-Collins") is the president of SLPS. This Defendant, in that position, had a duty to protect Minor Doe, which duty she failed to meet. Rhode-Collins knew or should have known about West and his conduct, however, even if she did not know, Rhode-Collins made the sexual abuse possible through a lack of oversight and supervision.

6. Kelvin Adams ("Adams") is the superintendent of the SLPS. This defendant, in that position, had a duty to protect Minor Doe, which duty he failed to meet. Adams knew or should have known about West and his conduct, however, even if he did not know, Adams made the sexual abuse possible through lack of oversight and supervision.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) in that the claims involve a federal question.

8. Plaintiffs' federal claims are brought pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

9. This Court has supplemental jurisdiction over the separate Missouri state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in the City of St. Louis.

11. Divisional venue is proper in the Eastern Division because a substantial part of the events leading to the claims for relief arose in the City of St. Louis and Defendants reside in the Eastern Division. E.D. Mo. L.R. 2.07(A)(1), (B)(1).

12. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## FACTS

13. Minor Doe was a student in the SLPS and was the victim of sexual abuse at the hands of Michael West, a SLPS employee. West was an in-school suspension monitor at Vashon.

14. West is currently serving five years in the Missouri Department of Corrections for his repulsive conduct with Minor Doe while Minor Doe was a student at Vashon.

15. West repeatedly and without cause or reason summoned Minor Doe to his office and forced Minor Doe to spend hours in detention with West, thereby disrupting Minor Doe's

regular academics.  This conduct continued for almost an entire school year, and the SLPS did nothing to stop West's conduct and did not intervene on Minor Doe's behalf.

16. During this time, West was also grooming Minor Doe by repeatedly calling and texting him, offering to purchase items for Minor Doe, and providing Minor Doe with money and other things of value.  In one such incident, West met Minor Doe at the Galleria Shopping Mall to give him money.  In another incident, West met Minor Doe at a relative's house, where West offered to give Minor Doe money to buy food if he got in the car with him.  Once in the car, West began to rub Minor Doe's knee.

17. Eventually, during the summer after Minor Doe's first year at Vashon, West solicited Minor Doe to perform sexual acts on himself and others in exchange for money.  West stated he would take a percentage of the money for arranging the sexual acts performed for others.

18. In addition, West requested that Minor Doe send pictures of his genitals to West's phone.

19. Minor Doe refused, and informed his father, John Doe, who referred the matter to the St. Louis Metropolitan Police.  West was charged with one count of sexual trafficking of a child and one count of promoting child pornography.

20. Because this all came to light at the beginning of the 2017-2018 school year, the SLPS would not allow Minor Doe to begin his sophomore year at Vashon because, according to the SLPS, Minor Doe and West could not be in the same school together.

21. Shockingly, despite audio recordings and text messages proving West's deplorable conduct, the SLPS allowed West to remain at Vashon, and to continue working around students, for the start of the school year.

22. In fact, West was not relieved of his duties until the local news and media outlets reported that West had been charged, and despite the charges, was still employed at Vashon.

23. Instead of allowing Minor Doe to continue his education at Vashon, he was given two equally unattractive options for the new school year – (i) he could switch to another school on the opposite side of the City of St. Louis, or (ii) he could continue his education "virtually" at his home via computer.

24. Despite being the victim of sexual abuse, the SLPS did not offer Minor Doe counseling, assistance, or the opportunity to remain at Vashon. Consequently, and of no surprise, Minor Doe fell further behind in his academics, essentially losing an entire school year. By placing Minor Doe in an online program, he was constantly reminded that he had been abused, and which left him feeling as through he was now, somehow, different.

25. The following year, Minor Doe was transferred to Roosevelt High School ("Roosevelt"), and again, was treated differently than other students and was soon transferred out of that school. Again, despite the obvious needs of Minor Doe as a direct result of the sexual abuse and the conduct of the SLPS following the sexual abuse, the SLPS did not offer John Doe counseling, assistance, or the opportunity to return to Vashon.

26. Minor Doe has since left the SLPS to continue his education outside of the SLPS. He has made up some of the lost ground resulting from the actions and conduct of the SLPS and its Employee, however, Minor Doe remains well behind his peers in almost every academic measure.

27. In addition, because of how the SLPS handled the situation following the sexual abuse by its Employee, Minor Doe has been the subject of continued and ongoing harassment and bullying from former friends and students who learned of what West had perpetrated upon

Minor Doe at Vashon. The SLPS had actual knowledge of the bullying and abuse, but did nothing to ameliorate or mitigate the misconduct against Minor Doe.

28. The SLPS knew or should have known about West and his conduct; thus, the Defendants had a duty to protect Minor Doe.

29. Even if the Defendants did not know, they made the sexual abuse possible by their lack of oversight and supervision.

30. Further, the Defendants exacerbated the harm caused to Minor Doe and John Doe by subjecting Minor Doe to ridicule and scorn because of how the SLPS handled the situation, which has resulted in serious emotional damage for the Plaintiffs. The Defendants were deliberately indifferent to the harm being caused to Plaintiffs, in effect treating the child sexual abuser better than it treated the victim student and his parent.

31. Finally, the SLPS failed to ensure that Minor Doe was provided an environment in which he could learn both before and after the sexual abuse. Consequently, Minor Doe endured a hostile educational environment for almost three years in the SLPS.

32. The only opportunity for Minor Doe to obtain his expected level of academic and social achievement, if that ever happens, will be through continued academic support and counseling.

### COUNT I
### 42 U.S.C. § 1983 – Fourteenth Amendment Violation
### (Against All Defendants)

33. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1-32 above as if fully set forth herein.

34. Pursuant to 42 U.S.C. §1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

6

>be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. §1983 (West).

35. "[I]n any §1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled in part not relevant here, by Daniels v. Williams, 474 U.S. 327, 330–331 (1986)).

36. Plaintiffs have a substantive due process right under the due process clause of the Fourteenth Amendment to the United States Constitution, which prohibits the deprivation of life, liberty, or property without due process of law.

37. Plaintiffs have a liberty interest in remaining free from arbitrary intrusions by the Defendants' employee upon Minor Doe's bodily integrity.

38. Defendants violated Plaintiffs' rights to liberty by their Employee's sexual abuse on Minor Doe's bodily integrity; obviously, there is never any justification for sexual abuse.

39. Defendants knew or should have known about their employee West and his conduct. But even if they did not know, they acted with deliberate indifference by:

    a. failing to supervise and/or train West and other employees to prevent the sexual abuse;

7

b. by retaining West until after local news and media outlets reported the conduct and that West was still employed at Vashon;

c. by failing and refusing to allow Minor Doe the option of remaining at Vashon for his sophomore year;

d. by failing ad refusing to provide counselling and support for Minor Doe;

e. by failing and refusing to intervene and stop the harassment and bullying by other students toward Minor Doe; and

f. by failing and refusing to provide adequate options for Minor Doe to continue his education in an environment that was not hostile.

40. Plaintiffs have suffered, and will continue to suffer, actual, emotional and psychological distress and damages as a direct result of Defendants' actions and indifference.

41. Plaintiffs are entitled to recover exemplary damages and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that this Court enter is judgment and order against Defendants, jointly and severally, and in favor of Plaintiffs, for their damages, exemplary damages, attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT II
### 20 U.S.C. § 1681, *et seq*. – Violation of Title IX
### Deliberate Indifference to Sexual Abuse and Hostile Environment
### (Against All Defendants)

42. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1-41 above as if fully set forth herein.

43. Plaintiffs plead all elements needed to sustain a Title IX violation, in that: (a) Minor Doe is a member of a protected class; (b) Minor Doe was subjected to sexual abuse or harassment on the basis of his gender; (c) an appropriate person had actual knowledge of the

8

abuse or harassment; (d) Defendants and/or their agents, servants, directors, regents, and officers acted with deliberate indifference to the known acts of sexual abuse; and (e) the sex-based sexual abuse was so severe, pervasive and offensive that it barred Minor Doe access to an education opportunity or benefit, and created an abusive hostile educational environment for Minor Doe.

44. The Defendants' acts and failures to act perpetrated against Plaintiffs amounted to unlawful sexual abuse on the basis of gender. The sexual abuse and harassment were sufficiently severe and pervasive to create an abusive and sexually hostile educational environment for Minor Doe.

45. One or more SLPS administrators or superintendents, with the authority to take corrective action on Plaintiffs' behalf, had actual notice of said sexual abuse and harassment and failed to adequately respond, in violation of their own policies.  Defendants' failure to take immediate, effective remedial steps to resolve the sexual abuse is indicative of their deliberate indifference toward Plaintiffs.

46. Further, Defendants persisted in these actions, and mostly inaction, even after they had actual knowledge of the harm suffered by Plaintiffs.

47. Those failures amounted to deliberate indifference toward the unlawful sexual conduct and retaliatory conduct that had occurred, was occurring, or was likely to occur.  As a result, Minor Doe was subjected to continuing harassment and a loss of educational opportunity.

48. Defendants engaged in a pattern and practice of behavior designed to discourage and dissuade students and parents of students who had been sexually abused from seeking prosecution and protection, which constituted a disparate treatment of male sexual assault victims, and resulted in gender discrimination.  Defendants evidence this by:

      a.      failing to train all employees, staff and teachers on the requirements of Title IX;

      b.      failing to train all employees, teachers and staff on the SLPS policies and procedures;

      c.      failing to provide safety and protection to vulnerable students, in particular, those subject to exclusion and seclusion through detention;

      d.      failing to protect against gender-based stereotypes;

      e.      by failing to provide accommodations to the victims of sexual abuse;

      f.      by failing to prevent harassment and bullying by students against victims of sexual abuse; and

      g.      by failing to take immediate action against the perpetrator of sexual abuse.

49.    Plaintiffs have suffered, and continue to suffer, actual, emotional and psychological distress and damages as a direct result of Defendants' actions and indifference.

50.    Plaintiffs are entitled to recover exemplary damages and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that this Court enter is judgment and order against Defendants, jointly and severally, and in favor of Plaintiffs, for their damages, exemplary damages, attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

### COUNT III
### 20 U.S.C. § 1681, *et seq*. – Violation of Title IX
### Failure to Accommodate and/or eliminate hostile environment and/or prevent retaliation
### (Against All Defendants)

51.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1-50 above as if fully set forth herein.

52.    Defendants retaliated against Plaintiffs in the following ways:

      a.      by retaining West until after local news and media outlets reported the conduct and that West was still employed at Vashon;

      b.      by failing and refusing to allow Minor Doe the option of remaining at Vashon for his sophomore year;

      c.      by failing ad refusing to provide counselling and support for Minor Doe;

      d.      by failing and refusing to intervene and stop the harassment and bullying by other students toward Minor Doe; and

      e.      by failing and refusing to provide adequate options for Minor Doe to continue his education in an environment that was not hostile.

53. Because of Defendants' actions and/or inactions, Minor Doe's peers were able to make fun of him, create a hostile educational environment, and retaliate against him.

54. Plaintiffs have suffered the loss of educational opportunities, emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life as a direct and proximate result of Defendants' deliberate indifference to Plaintiffs' rights under Title IX.

55. Plaintiffs are entitled to recover exemplary damages and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that this Court enter is judgment and order against Defendants, jointly and severally, and in favor of Plaintiffs, for their damages, exemplary damages, attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

### COUNT IV
### Missouri State Law - Negligence
### (Against All Defendants)

56. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1-55 above as if fully set forth herein.

57. Defendants had a duty to exercise reasonable care to avoid foreseeable harm to Plaintiffs. In this case, Defendants breached their duty by failing to exercise reasonable care. Furthermore, Defendants failed to exercise the degree of care expected of them, as a school district, in order to minimize the risk of harm to Plaintiffs. As a direct proximate result of the Defendants' breach of this duty, Plaintiffs suffered damages.

58. In addition, Defendant had a duty to take reasonable protective measures to protect Minor Doe and other similarly-situated students from the risk of sexual abuse, such as the duty to properly warn, train, or educate students, staff, employees and teachers about how to avoid and prevent sexual abuse. This created a special relationship between Defendants and Plaintiffs because Minor Doe was entrusted to Defendants' care. Also Defendants voluntarily accepted the entrusted care of Minor Doe.

59. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered damages including lost educational opportunities, emotional distress, suffering inconvenience, mental anguish, loss of enjoyment of life.

60. The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of Plaintiffs, and therefore, Plaintiffs are entitled to exemplary damages from Defendants, to punish them and to deter them and others from engaging in like conduct in the future.

WHEREFORE, Plaintiffs respectfully request that this Court enter is judgment and order against Defendants, jointly and severally, and in favor of Plaintiffs, for their damages, exemplary damages, attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT V
### Missouri State Law – Negligent Failure to Supervise
### (Against All Defendants)

61. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1-60 above as if fully set forth herein.

62. Negligent supervision implicates the duty of a master to control the conduct of a servant.  A master is under the duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or form so conducting himself as to create an unreasonable risk of bodily harm to them if: (a) the servant (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or (ii) is using a chattel of the master, and (b) the master (i) knows or has reason to know that he has the ability to control his servant, and (ii) knows or should know of the necessity and opportunity for exercising such control.  Conroy v. City of Ballwin, 723 S.W.2d 476, 479 (Mo. App. 1986).

63. Defendants had a duty to exercise reasonable care to control the SLPS employees, preventing them from intentionally harming Minor Doe, which duty Defendants wholly failed to meet.  Here, Defendants' employee, West, was upon Defendants' premises when he sexually abused Minor Doe.  Furthermore, West was able to seclude Minor Doe away from others at Vashon, unsupervised by others.  Clearly, the Defendants knew or should have known of the

necessity and opportunity for Defendants' employee to engage in this type of unobstructed and unsupervised control over Minor Doe, and the opportunity to inflict the sexual abuse upon Minor Doe as a result.

64. Defendants' failure was the proximate cause of Plaintiffs' damages, including lost educational opportunities, emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.

65. The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of Plaintiffs, and therefore, Plaintiffs are entitled to exemplary damages from Defendants, to punish them and to deter them and others from engaging in like conduct in the future.

WHEREFORE, Plaintiffs respectfully request that this Court enter is judgment and order against Defendants, jointly and severally, and in favor of Plaintiffs, for their damages, exemplary damages, attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT VI
### Missouri State Law – Negligent Hiring/Retention
### (Against All Defendants)

66. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1-65 above as if fully set forth herein.

67. To establish a claim for negligent hiring or retention, a plaintiff must show: (1) the employer knew or should have known of the employee's dangerous proclivities, and (2) the employer's negligence was the proximate cause of the plaintiff's injuries. Gaines v. Monsanto Co., 655 S.W.2d 568, 571 (Mo. App. 1983).

68. Defendants knew or should have known of West's dangerous proclivities to abuse students, and because of Defendants' negligence, Plaintiff was subject to West's targeting, grooming and sexual abuse.

69. Defendants' failure was the proximate cause of Plaintiffs' damages, including lost educational opportunities, emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.

WHEREFORE, Plaintiffs respectfully request that this Court enter is judgment and order against Defendants, jointly and severally, and in favor of Plaintiffs, for their damages, exemplary damages, attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT VII
### Missouri State Law – Negligent Infliction of Emotional Distress
### (Against All Defendants)

70. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1-69 above as if fully set forth herein.

71. In order to state a claim for intentional infliction of emotional distress, Plaintiffs must plead that: (1) the Defendants' conduct was extreme and outrageous; (2) the conduct was intentional or done recklessly; and (3) the conduct caused severe emotional distress that results in bodily harm.  Gibson v. Brewer, 952 S.W.2d 239, 249 (Mo. banc 1997).

72. Defendants' extreme and outrageous conduct included:

    a.    retaining West until after local news and media outlets reported the conduct and that West was still employed at Vashon;

    b.    failing and refusing to allow Minor Doe the option of remaining at Vashon for his sophomore year;

15

  c. failing and refusing to provide counselling and support for Minor Doe;

  d. by failing and refusing to intervene and stop the harassment and bullying by other students toward Minor Doe; and

  e. by failing and refusing to provide adequate options for Minor Doe to continue his education in an environment that was not hostile.

73. This conduct either intentionally or recklessly disregarded Plaintiffs as the victims at the hands of Defendants' employee.

74. Defendants' failure was the proximate cause of Plaintiffs' damages, including lost educational opportunities, emotional distress, inconvenience, mental anguish, and loss of enjoyment of life.

75. The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of Plaintiffs, and therefore, Plaintiffs are entitled to exemplary damages from Defendants, to punish them and to deter them and others from engaging in like conduct in the future.

WHEREFORE, Plaintiffs respectfully request that this Court enter is judgment and order against Defendants, jointly and severally, and in favor of Plaintiffs, for their damages, exemplary damages, attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

                WITZEL, KANZLER & DIMMITT, LLC

                 By: /s/ Jay L. Kanzler Jr.
                 Jay L. Kanzler Jr., #41298
                 2001 S. Big Bend Blvd.
                 Saint Louis, MO 63117
                 314/645-5367
                 jaykanzler@wkllc.com
                 Attorney for Plaintiffs