UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MINOR DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-03080-MTS |
| | ) | |
| SAINT LOUIS PUBLIC SCHOOLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Saint Louis Public School District's Motion for Judgment on the Pleadings, Doc. [30], and Defendants Dorothy Rohde-Collins and Kelvin Adams's Motion for Judgment on the Pleadings, Doc. [32]. For the reasons set forth below, the Court denies Defendant Saint Louis Public School District's Motion in full and denies Defendants Dorothy Rohde-Collins Kelvin Adams's Motion for dismissal in part and grants dismissal in part.

## I.   BACKGROUND[1]

This case arises out of the alleged sexual harassment and abuse[2] of Plaintiff Minor Doe, a former student of Defendant St. Louis Public School District (the "District"), by Michael West, an employee of the District and an in-school suspension monitor at Vashon High School, where Plaintiff previously attended school. Plaintiff alleges that, for nearly an entire school year, West "repeatedly and without cause summoned [Plaintiff] to his office and forced [Plaintiff] to spend hours in detention" with West, which disrupted Plaintiff's schooling. Doc. [1] ¶ 15. The District

---

[1] The Court draws these facts from Plaintiff's allegations in the Complaint, Doc. [1]. In so doing, the Court must view all facts pleaded by Plaintiff as true and must grant all reasonable inferences in his favor. *Levitt v. Merck & Co.*, 914 F.3d 1169, 1171 (8th Cir. 2019) (citing *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009)).

[2] According to Plaintiff, "West is serving five years in a Missouri prison" for his abuse of Plaintiff. Doc. [1] at 1, ¶ 14.

did nothing to stop this conduct. *Id.* During that time, West "was grooming" Plaintiff, repeatedly calling and texting him, offering to buy things for him, and giving him money "and other things of value." *Id.* ¶ 16. In one instance, West met Plaintiff at a shopping mall to give him money; in another, he met Plaintiff at a relative's house, "where West offered to give [Plaintiff] money to buy food if he got in the car." *Id.* Once Plaintiff was in the car, West began rubbing Plaintiff's knee. *Id.* During the summer after Plaintiff's first year at Vashon, "West solicited [Plaintiff] to perform sexual acts on himself and others in exchange for money," and told Plaintiff he would keep a percentage of the money "for arranging the sexual acts performed for others." *Id.* ¶ 17. West also requested that Plaintiff send pictures of his genitals to West's phone. *Id.* ¶¶ 18–19. Plaintiff refused West's request and told his father, who reported West to the St. Louis police. *Id.* West was charged with one count of sexual trafficking of a child and one count of promoting child pornography. *Id.* ¶ 19.

The District, Plaintiff alleges, "would not allow [Plaintiff] to begin his sophomore year at Vashon because . . . [Plaintiff] and West could not be in the same school together." *Id.* ¶ 20. Despite the criminal charges against him, as well as "audio recording and text messages proving West's deplorable conduct," the District permitted West to remain at Vashon and to continue working with students. *Id.* ¶¶ 21–22. The District did not relieve West of his duties "until the local news and media outlets reported" the charges against him. *Id.* ¶ 22.

Instead of allowing Plaintiff to begin the 2017-18 at Vashon, the District gave him "two equally unattractive options": either "switch to another school on the opposite side" of St. Louis, or "continue his education 'virtually' at home via computer." *Id.* ¶ 23. Plaintiff ultimately was placed in an online program. *Id.* ¶ 24. Despite West's alleged sexual harassment and abuse, the District did not offer Plaintiff "counseling, assistance, or the opportunity to remain at Vashon,"

causing Plaintiff to fall behind in his studies and "essentially lose an entire school year." *Id.* And, Plaintiff alleges, his placement in an online program "constantly reminded [him] that he had been abused, which left him feeling as though he was now . . . different." *Id.*

Plaintiff transferred to Roosevelt High School for the following academic year, "and again[] was treated differently than other students and was soon transferred out of that school." *Id.* ¶ 25. Despite Plaintiff's "obvious needs," the District never offered him counseling, assistance, or the opportunity to return to Vashon. *Id.* Plaintiff has since left the District and is continuing his education elsewhere, and he "remains well behind his peers in almost every academic measure." *Id.* ¶ 26.

Plaintiff alleges the District's handling of the situation has subjected Plaintiff to "continued and ongoing harassment and bullying from former friends and students." *Id.* ¶ 27. The District, Plaintiff asserted, "had actual knowledge of the bullying and abuse [of Plaintiff], but did nothing to ameliorate or mitigate" that conduct. *Id.* Moreover, Plaintiff asserts the District "had a duty to protect" Plaintiff and its handling of the situation exacerbated Plaintiff's harm by subjecting him to "ridicule and scorn," thereby causing him serious emotional damage. *Id.* ¶ 28–30.

Based on those facts, Plaintiff filed the instant Complaint against the District, Defendant Dorothy Rohde-Collins, and Defendant Kelvin Adams,[3] making the following seven claims against all Defendants: (1) a substantive due process claim under the Fourteenth Amendment and 42 U.S.C. § 1983, Count I; (2) deliberate indifference to sexual abuse and hostile environment under Title IX, 20 U.S.C. § 1681, Count II; (3) failure to accommodate and/or eliminate hostile environment and/or prevent retaliation under Title IX, 20 U.S.C. § 1681, Count III; (4) negligence under Missouri law, Count IV; (5) negligent failure to supervise under Missouri law, Count V; (6)

---

[3] Rohde-Collins is the president of the District's Board of Education, and Adams is its superintendent. Docs. [1] ¶¶ 5–6; [32] ¶ 1. Plaintiff sued each of them in their individual capacities. Doc. [1] at 1.

negligent hiring/retention under Missouri law, Count VI; and (7) negligent infliction of emotional distress, Count VII.  *Id.* at 6–16.  Defendants moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that all Plaintiff's claims fail.  Docs. [30]; [32].

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings."  A court should grant a motion for judgment on the pleadings "if, assuming as true all facts pleaded by the nonmoving party and according it all reasonable inferences, no material issue of fact remains, and the moving party is entitled to judgment as a matter of law."  *Thach v. Tiger Corp.*, 609 F.3d 955, 957 (8th Cir. 2010) (citing *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008)).  In assessing a Rule 12(c) motion, courts apply the same standard as is applied to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (citing *Clemons*, 585 F.3d at 1124).  Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Gallagher*, 699 F.3d at 1016 (quoting *Iqbal*, 556 U.S. at 678).  The Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

## III.   DISCUSSION

Though Plaintiff asserted all seven of his claims against all three Defendants, the District set forth different arguments for the shortcomings of Plaintiff's claims than did Defendant Rohde-Collins and Defendant Adams ("Individual Defendants"). The Court will therefore first assess the Individual Defendants' arguments as to all seven claims before addressing the District's contentions for why Plaintiff's claims fail as a matter of law.

### A.   The Individual Defendants

#### 1.   *Count I: Substantive Due Process Claim Under the Fourteenth Amendment and 42 U.S.C. § 1983*

The Individual Defendants argue Plaintiff's § 1983 claim fails because it is barred by the doctrine of qualified immunity. Doc. [33] at 4.  The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The question of whether a defendant should be afforded qualified immunity is a question of law. *Littrell v. Franklin*, 388 F.3d 578, 584 (8th Cir. 2004).  To overcome the qualified immunity of the Individual Defendants, Plaintiff must show that the Individual Defendants: (1) received notice of a pattern of unconstitutional acts, (2) were deliberately indifferent to the offensive conduct after gaining knowledge, and (3) such failure proximately caused the injury to the student.  *Plamp v. Mitchell Sch. Dist. No. 17-2*, 565 F.3d 450, 457 (8th Cir. 2009); *Thelma D. v. Bd. of Educ., City of St. Louis*, 934 F.2d 929, 933–34 (8th Cir. 1991); *see also*, *Cox v. Sugg*, 484 F.3d 1062, 1067 (8th Cir. 2007) (explaining for causation purpose that "supervisors…are liable under § 1983 for a subordinate's violation of a third person's constitutional right only if their deliberate indifference to the offensive conduct and failure to take adequate remedial action proximately caused the injury.").

***First***, the Individual Defendants argue Plaintiff failed to plead a deprivation of a constitutional right. Doc. [33] at 5.  A 42 U.S.C. § 1983 claimant must "identify the exact contours of the underlying right said to have been violated" and the Court must determine whether the plaintiff has alleged a deprivation of a constitutional right at all. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998).  The right to be free from the deprivation of liberty without due process of law is a right guaranteed by the Fourteenth Amendment. U.S. CONST. amend. XIV, § 1.  The Supreme Court has recognized a substantive due process right to bodily integrity. *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997).  "An important manifestation of 'liberty' as guaranteed by substantive due process is the right to be free of state intrusions into personal privacy and bodily security." *Doe A v. Special School Dist. of St. Louis County*, 637 F. Supp. 1138, 1144 (8th Cir. 1986).  Here, Plaintiff claims a "liberty interest in remaining free from arbitrary intrusions by the Defendants' employee upon Plaintiff's bodily integrity." Doc [1] ¶ 37.  Plaintiff alleges his "rights to liberty" were violated namely because of sexual harassment and abuse by West. *Id.* ¶ 38.  The Individual Defendants argue Plaintiff failed to plead any "egregious sexual contact" by West, meaning that he failed to allege the deprivation of a constitutional right. Doc. [33] at 5.  The Court disagrees.

Decades of precedent hold both sexual harassment and abuse constitute unconstitutional conduct actionable under § 1983. *See Plamp*, 565 F.3d at 459 (discussing sexual harassment as unconstitutional conduct for § 1983); *Moring v. Ark. Dep't of Corr.,* 243 F.3d 452, 455 (8th Cir.2001) (finding Sexual harassment by state actors violates the Fourteenth Amendment and establishes a ¶ 1983 action); *see P.H. v. Sch. Dist. of Kansas City, Missouri*, 265 F.3d 653, 660-61 (8th Cir. 2001) (analyzing "sexual harassment" as a § 1983 constitutional violation); *K.C. v. Mayo*, 983 F.3d 365 (8th Cir. 2020) (same).  Taking Plaintiff's allegations as true, Plaintiff suffered from,

at a minimum, disturbing ongoing sexual harassment (and possibly sexual abuse) by West for almost an entire school year.  West's conduct included, but was not limited to, offering Plaintiff money for sexual favors, attempting to turn Plaintiff into a prostitute with West as his "pimp," inappropriately touching Plaintiff, and requesting pictures of Plaintiff's genitals.  Despite the Individual Defendants' arguments to the contrary, Plaintiff sufficiently pleaded West engaged in unconstitutional conduct that harmed him. *Id.*  As numerous courts before it have, this Court readily declines to adopt the Individual Defendants' contention that only "egregious" acts like rape or sodomy violate the constitutional rights of students.  To agree, would seriously undermine the "extraordinary harm" a student suffers when subjected to sexual harassment by a teacher, especially since "sexual harassment of students in schools…is an all too common aspect of the educational experience," which is "reprehensible and undermines the basic purposes of the educational system." *Gebser v. Lago Independent Sch. Dist.*, 524 U.S. 274, 292-93 (1989).  Because Plaintiff sufficiently pleaded a violation of his constitutional rights, the question now becomes whether the Individual Defendants had notice of sexual harassment and abuse and failed to act upon it.

*Next*, the Individual Defendants argue that if there was a constitutional violation by West, Plaintiff has failed to plead the Individual Defendants had "actual knowledge" of any alleged constitutional violation. Doc. [33] at 8.  Plaintiff alleges the Individual Defendants are personally[4] liable under § 1983 as West's supervisors.  However, supervisory liability in § 1983 actions is limited. *Ottoman v. City of Independence, Mo.*, 341 F.3d 751, 761 (8th Cir. 2003).  Supervisory school officials can be held individually liable under § 1983 for sexual harassment or

---

[4] A school district's employees are also "persons" under § 1983 and may be subject to suit in both their individual and official capacities; but claims against individuals in their personal capacity "are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998).

abuse by a teacher only if they remain deliberately indifferent to acts of teacher-student harassment or abuse. *Doe v. Flaherty*, 623 F.3d 577, 584 (8th Cir. 2010); *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000). Deliberate indifference is a "stringent standard of fault," *Shrum*, 249 F.3d at 780, that cannot be predicated upon mere negligence. *Doe v. Dardanelle Sch. Dist.*, 928 F.3d 722, 725 (8th Cir. 2019); *Jane Doe A*, 901 F.2d at 646. Rather, an official must have "actual knowledge[5] of discrimination" and fail to "adequately to respond." *Gebser*, 524 U.S. at 276; *Cox*, 484 F.3d 1067. The official must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. *Ottoman*, 341 F.3d at 76. Although the "actual notice standard is quite onerous," *KD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 598 (8th Cir. 2021), Plaintiff here alleges that the Individual Defendants had actual knowledge of the West's – the school employee – misconduct. *See e.g.*, Doc. [1] ¶¶ 5-6. Therefore, taking all facts pleaded as true, the Court finds the Individual Defendants had "actual knowledge" of West's continuing, persistent pattern[6] of unconstitutional misconduct against Plaintiff sufficient to withstand the Individual Defendants' Motion.

***Finally***, the Individual Defendants argue they could not have acted with deliberate indifference as a matter of law. Doc. [33] at 8-9. A school official is deliberately indifferent when its "response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648

---

[5] Where, as here, the complaint involves allegations against school officials brought under both Title IX and § 1983, "our court has held that an official in these circumstances must have 'actual notice' of the alleged 'sexual harassment' or 'sexual abuse'" to meet the standard for liability. *K.C. v. Mayo*, 983 F.3d 365, 368 (8th Cir. 2020); *Doe v. Flaherty*, 623 F.3d 577, 584 (8th Cir. 2010).

[6] Although neither party directly addresses the issue, the Court finds West's repeated and persistent sexual harassment (and possibly sexual abuse) for "nearly an entire school year" constitutes a "pattern" of unconstitutional conduct. Doc. [1] ¶ 15. Moreover, the Individual Defendants' alleged actions at issue were close in time to Plaintiff's complaints of West, further purporting an actionable "pattern" chargeable for § 1983 and Title IX purposes. *See P.H.*, 265 F.3d at 659 (considering relevant the time span and the detail of the complaints); *see also*, *Thelma D.*, 934 F.2d at 933 (finding "five complaints scattered over sixteen years cannot, as a matter of law, be said to comprise a persistent and widespread pattern of unconstitutional misconduct."); *Plamp*, 565 F.3d at 460.

(1999); *Gebser*, 524 U.S. at 290 (finding "the response . . . amounts to deliberate indifference"). "This clearly unreasonable standard is intended to afford flexibility to school administrators." *Estate of Barnwell by and through Barnwell v. Watson*, 880 F.3d 998, 1007 (8th Cir. 2018) (internal quotation marks omitted). Dissatisfaction with a school's response does not characterize the response as deliberately indifferent. *Maher v. Iowa State University*, 915 F.3d 1210, 1213 (8th Cir. 2019). Rather, Defendant's actions must be "deliberately indifferent to sexual harassment . . . that is so severe, pervasive, and objectively offensive that it can be said to [have deprived Doe] of access to the educational opportunities or benefits provided by the school." *Davis*, 526 U.S. at 650. Both the Supreme Court and the Eighth Circuit recognize post-abuse response as the basis of deliberate indifference. *Gebser*, 524 U.S. at 290; *KD*, 1 F.4th at 598 (citing *Cox*, 484 F.3d at 1067 (noting that an official's inadequate response can amount to deliberate indifference)); *Thelma D.*, 934 F.2d at 935; ("knowledge also subjects the Board to liability for displaying deliberate indifference should it fail to sufficiently remedy the problem"); *Maher*, 915 F.3d at 1213 (quoting *Davis*, 526 U.S. at 648 ("A school district is deliberately indifferent when 'its response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances.'")).

Here, Plaintiff pleads enough facts to allege the Individual Defendants' actions, or lack thereof, were deliberately indifferent to Plaintiff. First, Plaintiff alleges the Individual Defendants displayed deliberate indifference when it failed to take immediate or corrective action after West's conduct was exposed. Doc. [1] at 45. Plaintiff further alleges that the Individual Defendants possessed the power to institute corrective measures[7] and to stop West's misconduct by, for

---

[7] "A damages remedy will not lie unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination and fails adequately to respond." *Gebser*, 524 U.S. at 290. Plaintiff pleads Defendants had "the authority to take corrective action on Plaintiffs' behalf…and failed to adequately respond, in violation of their own policies." Doc. [1]

example, seeking to reprimand, further supervise, suspend, or even fire West. *See Plamp*, 565 F.3d at 455 (finding adequate response when teacher was immediately suspended and not allowed on school property without a police escort); *see also KD*, 1 F.4th at 597 (terminating teacher after arrest for sexual assault of student); *Flaherty*, 623 F.3d at 583 (suspending teacher after directly learning of misconduct); *Thelma D.*, 934 F.2d at 935 (removing teacher immediately after arrest for allegations).   Yet, upon learning of West's misconduct, Plaintiff alleges the Individual Defendants took no action against West and instead acted against Plaintiff by forcing him out of Vashon, while permitting West to remain and continue working with students.   Doc. [1] at ¶ 21. In cases like this, the Eighth Circuit typically finds in favor of school officials who took immediate action against the teacher upon learning of the misconduct. *See Plamp*, 565 F.3d at 457 (finding adequate "corrective measures" when superintendent took "immediate action"); *see P.H.*, 265 F.3d at 659 (emphasizing that the school took "immediate action"); *Thelma D.*, 934 F.2d at 935; *KD*, 1 F.4th at 597.   Unlike the progeny of Eighth Circuit cases, the Individual Defendants' inaction against West after actual knowledge of his misconduct is axiomatic to support a finding of deliberate indifference. *Gebser*, 524 U.S. at 290 (finding an "official decision…not to remedy the violation" as deliberate indifference).

Second, Plaintiff alleges facts showing the Individual Defendants' "response to the harassment or lack thereof [was] clearly unreasonable." *Davis*, 526 U.S. at 648.   In *Maher*, the Court did not find deliberate indifference because the defendants provided the plaintiff with "at least two reasonable" alternatives. *Maher*, 915 F.3d at 1213.   Unlike the defendants in *Maher*, the Individual Defendants here gave Plaintiff "two equally unattractive options for the new school year – (i) he could switch to another school on the opposite side of the City of St. Louis, or (ii) he

---

¶ 45. Taking all pleaded facts as true, Plaintiff's damages remedy against the officials is sufficient to state a claim.

could continue his education "virtually" at his home via computer." Doc. [1] ¶ 23. The Individual Defendants "refused" to allow Plaintiff to continue school at Vashon because "Plaintiff and West could not be in the same school together." *Id.* ¶¶ 4, 39. So, instead of removing West, Defendants removed Plaintiff from school. In effect, as Plaintiff alleges, the Individual Defendants "treated the child sexual abuser better than it treated the victim student." *Id.* ¶ 30. Taking the facts as true in the light most favorable to Plaintiff, the pleaded conduct is enough to show that the Individual Defendants' response could have been "clearly unreasonable." *Davis*, 526 U.S. at 648. While the Court appreciates the importance of "afford[ing] flexibility to school administrators," *Estate of Barnwell*, 880 F.3d at 1007, in a situation like this, when a teacher sexually harasses a student, there are several justified courses of action, however, pushing out and ostracizing the student is not one of them. Besides refusing Plaintiff the option to stay at Vashon, Plaintiff alleges the Individual Defendants failed to provide adequate options for Plaintiff to continue his schooling, refused to provide counseling and support for Plaintiff, and failed to address harassment and bullying by other students toward Plaintiff. Doc. [1] ¶¶ 23, 39. At a minimum, the pleaded facts show the Individual Defendants may have acted deliberately indifferent when it failed to take reasonable steps to address and ameliorate the "extraordinary harm" inflicted upon Plaintiff once the Individual Defendants had knowledge of West's unconstitutional misconduct against Plaintiff. *Gebser*, 524 U.S. at 293 ("a student suffers extraordinary harm when subjected to sexual harassment and abuse by a teacher").

As a final note, the pleadings are sufficient to allege the Individual Defendants' post-abuse response may be "so severe, pervasive, and objectively offensive that it can be said to [have deprived Plaintiff] of access to the educational opportunities or benefits provided by the school."[8]

---

[8] Plaintiff alleges West's sexual harassment and abuse and Defendants' failure to act "was so severe, pervasive and offensive that it barred Minor Doe access to an education opportunity or benefit and created an abusive hostile

*Davis*, 526 U.S. at 650. Plaintiff alleges the Individual Defendants' actions caused him to lose "educational opportunities" and subjected him to a "hostile[9] educational environment" for nearly three years. Doc. [1] ¶¶ 31, 54, 59.   Although the Court "need not accept as true a plaintiff's conclusory allegations," *Glick*, 944 F.3d at 717, the factual pleadings support Plaintiff's allegations.   As explained above, Plaintiff was deprived of "educational opportunities" when the Individual Defendants forced Plaintiff from his own school (and not West) and provided him with two allegedly unreasonable options to continue schooling.   Plaintiff alleges that the online program constantly reminded him that he had been abused, which made him feel as if he was being treated differently than his peers. Doc. [1] ¶ 24.   When Plaintiff was transferred to another high school in the District, he again was "treated differently" than other students and was soon transferred out of that school too. *Id.* ¶ 25.   Plaintiff also alleges the Individual Defendants "had actual knowledge of the bullying and abuse [by students], but did nothing to ameliorate or mitigate" that conduct against Plaintiff. *Id.*   ¶ 27.   It is no surprise "Plaintiff fell further behind in his academics, essentially losing an entire school year." *Id.* ¶ 24.   Plaintiff alleges that because of the Individual Defendants' actions, Plaintiff "remains well behind his peers in almost every academic measure resulting from the actions and conduct of the Individual Defendants." *Id.* ¶ 26.   Accordingly, Plaintiff sufficiently pleads the Individual Defendants failed response effectively denied him "equal access" to education and benefits provided by the school. *Davis*, 526 U.S. at 650.   Taking the pleadings as true, the Individual Defendants' actions had a concrete, negative effect on

---

educational environment for Minor Doe." Doc. [1] at ¶¶ 43-45. That is admittedly more a statement of conclusion rather than a statement of fact. *Glick*, 944 F.3d at 717 (mandating that the Court "need not accept as true a plaintiff's conclusory allegations). But the factual allegations may support it, as discussed in length in this opinion.

[9] Besides Defendants failure to provide adequate options for Plaintiff to continue his education, the Court takes notice of Defendants continuing inadequate response which subjected Plaintiff to a hostile educational environment. Doc. [1] ¶ 31. Defendants' actions include but are not limited to: (1) refusal to provide counselling and support for Plaintiff, (2) failure to intervene and stop the harassment and bullying by other students toward Plaintiff, (3) failure to provide accommodations to the victims of sexual abuse, and (4) failure to prevent harassment and bullying by students against victims of sexual abuse.

Plaintiff's ability to receive an education which is sufficient to plead a finding of deliberate indifference.[10]

Plaintiff's § 1983 claim against the Individual Defendants is therefore sufficient, and the Court denies the Individual Defendants' Motion as to Count I.

### 2.  *Counts II and III: Title IX Claims*

The Individual Defendants argue they are entitled to judgment on both of Plaintiff's Title IX claims because such claims can only be brought against a federal grant recipient.  Doc. [33] at 3–4.  The Court agrees.  In a recent decision, the Eighth Circuit reiterated that "because Title IX only prohibits discrimination by federal grant recipients, a supervisory school official may not be sued in his individual capacity, directly under Title IX…based upon a violation of Title IX."  *KD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 599 n.5 (8th Cir. 2021) (quoting *Cox v. Sugg*, 484 F.3d 1062, 1066 (8th Cir. 2007)).  Plaintiff expressly sued both Defendants in their individual capacities.  *See* Doc. [1] at 1; *KD*, 1 F.4th at 599 n.5 (explaining "that, in order to sue a public official is his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings" (quoting *Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013))).  Plaintiff's Title IX claims against the Individual Defendants fail, and the Court grants the Individual Defendants' Motion as to Counts II and III.

### 3.  *Counts IV–VII: Negligence Claims*

Finally, the Individual Defendants argue that all four of Plaintiff's negligence claims are barred by the doctrines of public duty, official immunity, sovereign immunity, and the Coverdell Act.  For the reasons discussed below, at this stage, each defense is inapplicable in this instance.

---

[10] Plaintiff also asserts other theories such as failure to supervise and train theory. Doc [1] ¶ 39. Having already found deliberate indifference on other grounds stated in the opinion, the Court does not dive into the merits of such arguments.

### i. **Public Duty Doctrine**

The Individual Defendants assert the public duty doctrine as a defense to Plaintiff's state-law negligence claims.  Under the public duty doctrine, "a public employee is not civilly liable for the breach of a duty owed to the general public, rather than a particular individual." *Southers v. City of Farmington*, 263 S.W.3d 603, 611 (Mo. banc 2008).  However, the doctrine does not insulate a public employee from all liability; a public employee may be liable for breach of ministerial[11] duties in which an injured party had a "special, direct, and distinctive interest." *Id.* at 611-12.  The ministerial exception exists when injury to a particular, identifiable individual is reasonably foreseeable as a result of a public employee's breach of duty. *Smith v. Finch*, 324 F. Supp. 3d 1012, 1029 (E.D. Mo. 2018).  Additionally, "the protections of the public duty doctrine are not intended to be limitless," and do not apply to conduct that is willfully wrong or done with malice. *Southers*, 263 S.W.3d at 612.

In support of the doctrine, the Individual Defendants argue Plaintiff's allegations state Defendants breached duties owed to the general public and not to Plaintiff himself – a particular individual.  Doc. [33] at 14.  However, Plaintiff's Complaint does not solely allege Defendants' owed duties to the general public.  Rather, Plaintiff makes several allegations of Defendants' duties and subsequent failures to Plaintiff himself.[12]  For example, Plaintiff specifically names Defendant

---

[11] In Missouri, the public officials exercising discretionary duties, as opposed to ministerial duties, are entitled to official immunity from suit for all discretionary acts. *Austell v. Sprenger,* 690 F.3d 929, 938 (8th Cir.2012). The test for whether an act is "discretionary" or "ministerial" is fact-intensive and must be determined on a case-by-case basis, "not on broad pronouncements about the usual status of relevant functions." *Smith*, 324 F. Supp. 3d at 1030. There is no suggestion in Plaintiff's Complaint or in Defendants' motion that Defendants' actions were taken as part of a discretionary, rather than ministerial, function. Rather, Defendants argue the duty was owed to the public at large. Thus, the Court will not address whether Defendants acted in a ministerial or discretionary role at this stage in the proceedings.

[12] Plaintiff alleges Defendants had a duty to Plaintiff. These allegations include but are not limited to: (1) "Defendants had a duty to exercise reasonable care to control the SLPS employees, preventing them from intentionally harming Minor Doe, which duty Defendants wholly failed to meet," Doc. [1] ¶ 63, and (2) "Defendant had a duty to take reasonable protective measures to protect Minor Doe…such as the duty to properly warn, train, or educate students, staff, employees and teachers about how to avoid and prevent sexual abuse. This created a special relationship between

Rohde-Collins and Defendant Adams and states in their positions, they "had a duty to protect Minor Doe, which duty [they] failed to meet." Doc. [1] ¶¶ 5-6.   Moreover, Plaintiff alleges "Defendants had a duty to take reasonable protective measures to protect Minor Doe," *Id.* ¶ 58, which was reasonably foreseeable as a result of West's misconduct. *See also, Tanner v. City of Sullivan*, No. 4:11-CV 1361 NAB, 2013 WL 121536, at *14 (E.D. Mo. January 9, 2013) (denying immunity under the public duty doctrine because a special duty was reasonably foreseeable in light of the circumstances).   The injuries to Plaintiff were foreseeable because the pleadings, giving all reasonable inferences in Plaintiff's favor, establish Plaintiff was sexually harassed (and possibly sexually abused) by West.   At the moment the Individual Defendants allegedly learned of West's misconduct, Plaintiff had a "special, direct, and distinctive interest" in care and protection from the Individual Defendants. *Southers*, 263 S.W.3d at 611-12.   Nonetheless, despite having that information, the Individual Defendants (1) forced Plaintiff out of the school he had attended, (2) instead, retained West at school, (3) refused to provide counselling and support for Plaintiff, (4) failed to stop the harassment and bullying by other students toward Plaintiff, and (5) failed to provide adequate options for Plaintiff to continue his education in an environment that was not hostile.   Taking all facts pleaded by Plaintiff as true, "such acts go beyond the protection of the public duty doctrine." *Southers*, 263 S.W.3d at 611; *see also*, *Smith*, 324 F.Supp.3d at 1030 ("Where an official is performing a ministerial duty, whose primary purpose is to protect the rights of an individual, the public duty doctrine does not apply.").

In addition,[13] because Plaintiff has alleged more than mere negligence, the Court cannot

---

Defendants and Plaintiffs because Minor Doe was entrusted to Defendants' care. Also Defendants voluntarily accepted the entrusted care of Minor Doe" Doc. [1] ¶ 58.

[13] Even if another court construed the Individual Defendants duties as discretionary, instead of ministerial, the doctrine would still not apply because Plaintiff sufficiently pleads the Individual Defendants acted "in bad faith or with malice." *Southers*, 263 S.W.3d at 612.

find that Counts IV, V, and VII are barred by the public immunity doctrine.  Doc. [1] ¶¶ 60, 65.

In Count IV and V, Plaintiff alleged the Individual Defendants' acts were done with "evil motive,

reckless indifference, and/or conscious disregard for the rights of Plaintiff." *Id.* ¶¶ 60, 65.  Plaintiff

alleges in Count VII that the Individual Defendants acted "intentional" or "recklessly." *Id.* ¶ 71.

Taking Plaintiff's allegations as true, such allegations are sufficient to allege bad faith or malice

that takes this claim outside of the protections of the public duty doctrine. *Southers*, 263 S.W.3d

at 612; *see also, Smith*, 324 F. Supp. 3d at 1031 (refusing to apply public immunity doctrine

because the plaintiff alleged the "acts were done with malice or, in the alternative, were willful,

wanton, and done with a conscious disregard for Plaintiff's rights").  For the reasons set forth, the

Individual Defendants' Motion on Counts IV-VII on the basis of the public duty doctrine is

denied.

### ii.  **The Coverdell Act**

The Coverdell Act provides that "no teacher in a school shall be liable for harm caused by

an act or omission of the teacher on behalf of the school." 20 U.S.C. § 6736.  Coverdell is an

affirmative defense, *M.C.-B. ex rel. T.B. v. Hazelwood Sch. Dist.*, 417 S.W.3d 261, 265 (Mo. App.

E.D. 2013), thus, the "Coverdell Act must be clearly established on the face of the petition to

support a motion to dismiss." *Kemp v. McReynolds*, 621 S.W.3d 644 (Mo. Ct. App. 2021)

(dismissing the immunity argument because the elements are not clear from the face of the

petition).  To claim protection under Coverdell, the burden is on the teacher[14] to prove: (1) the

teacher was acting within the scope of his or her employment, (2) the actions of the teacher were

carried out in conformity with Federal, State, and local laws (including rules and regulations) in

---

[14] "Teacher" as used in the Coverdell Act, extends well beyond the traditional notion of a classroom teacher. *See Dydell v. Taylor*, 332 S.W.3d 848, 857 (Mo. banc. 2011) (finding the Act afforded immunity to a school district superintendent who did not even work in a specific school building where the harm occurred).

furtherance of efforts to "control, discipline, expel, or suspend a student or maintain order or control in the classroom or school," and (3) if the teacher was authorized by the appropriate authorities for the practice involved in the State where the harm occurred . 20 U.S.C. § 7946(a)(1)-(3).  Harm caused by "willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the teacher" is not protected by Coverdell. *Id.* at § 7946(a)(4).

Here, whether the Individual Defendants' conduct falls under § 7946(a)(2) is not clear from the Complaint and neither Plaintiff nor the Individual Defendants allege their conduct was "in furtherance of efforts to control, discipline, expel, or suspend a student or maintain order or control in the classroom or school."  20 U.S.C. § 7946(a)(2).  Thus, "the face of the petition" does not clearly establish the second element required for the protection of the Coverdell Act. *Kemp*, 621 S.W.3d at 657.  In addition, the Court finds Plaintiff sufficiently pleaded facts outside Coverdell's coverage. 20 U.S.C. § 7946(a)(4).  Plaintiff alleges the Individual Defendants refused to remove West from school, failed to provide counselling and support for Plaintiff, failed to stop harassment and bullying by other students toward Plaintiff, and failed to provide adequate options for Plaintiff to continue his education in an environment that was not hostile. Doc. [1] at 39.  Taking Plaintiff's allegations as true, the pleadings show the Individual Defendants acted, at the very least, with a "flagrant indifference to the rights [and] safety" of Plaintiff. 20 U.S.C. § 7946 (a)(4).  For the reasons set forth, the Individual Defendants' Motion on Counts IV-VII on the basis of the Coverdell Act is denied.

### iii. **Official Immunity**

Official immunity protects public officials sued in their individual capacity from liability for alleged negligent acts or omissions committed during the course of their official duties. *Alsup*

*v. Kanatzar*, 588 S.W.3d 187, 190 (Mo. banc 2019).  Generally, under Missouri law, employees of a public-school district are entitled to official immunity. *See Woods v. Ware*, 471 S.W.3d 385, 391 (Mo. Ct. App. 2015).  However, official immunity does not apply to acts or omissions done in bad faith or with malice. *Southers*, 263 S.W.3d at 610.  Additionally, the one exception for official immunity is when public employees commit torts when acting in a "ministerial capacity." *Alsup*, 588 S.W.3d at 191.

Here, Plaintiff's negligence claims (Counts IV-VII) are against the Individual Defendants in their individual capacity regarding actions in the course and scope of their employment with the District.  Thus, official immunity is triggered. *Alsup*, 588 SW.3d at 190.  However, because the test for whether an act is "discretionary" or "ministerial" is fact-intensive, the determination of this issue cannot be made at this stage in the proceedings. *See Teague*, 708 F. Supp. 2d at 940–41 (declining to find that defendants were entitled to official immunity to plaintiff's negligence claim for prematurity on a motion to dismiss); *see also, A.H. v. St. Louis Cty., Mo.*, No. 4:14-cv2069-CEJ, 2015 WL 4426234, at *8 (E.D. Mo. July 17, 2015) (refusing to undergo the ministerial analysis at the motion to dismiss stage); *see also Fortenberry v. City of St. Louis*, No. 4:18-cv-01937-JCH, 2019 WL 1242671, at *7 (E.D. Mo. Mar. 18, 2019) (finding "[a] more complete record is necessary to dispose of Defendants' Defenses" and the issue of official immunity is more appropriate for a motion for summary judgment).[15] For the reasons set forth, the

---

[15] The Individual Defendants also argue, relying on *Boever* v. *Special School District of Saint Louis County*, 296 S.W.3d 487, 492 (Mo. Ct. App. 2009), that absent allegations averring the existence of a statutory, regulatory, or departmentally-mandated duty and a breach of that duty, Plaintiff fails to state claim not barred by official immunity as a matter of law. Doc. [33] at 11.  However, another Court of Appeals in Missouri disagreed with *Boever* in *Nguyen v. Grain Valley R–5 School District*, 353 S.W.3d 725, 731 (Mo. Ct. App. 2011) (stating *Boever* inaccurately required the pleading of a ministerial duty imposed by statute or regulation to state a claim against a public employee that is not barred by official immunity).  *Nguyen* clarified *Boever* and stated that a departmentally-mandated duty may arise from sources other than statutes or regulations such as department rules, the orders of a superior, or the nature of the employee's position.  Contrary to the Individual Defendants argument, Plaintiff alleges the Individual Defendants had departmentally-mandated duties and breached those. *See, e.g.*, Doc. [1] ¶ 45 (failure to adequately respond to the said sexual abuse and harassment was "in violation of their own policies"); Doc. [1] ¶ 48 (breached duty by "failing to

Individual Defendants' Motion on Counts IV-VII on the basis of the official immunity is denied.

### iv.  Sovereign Immunity

The Individual Defendants' sole argument for applying sovereign immunity is that Plaintiff's Complaint should be dismissed as "redundant" because "claims against public employees in their official capacity are no more than claims against the employer." Doc. [33] at 14-15.  Here, however, Plaintiff is suing the Individual Defendants in their individual capacities only. Doc. [1].  As such, the Individual Defendants' Motion on Counts IV-VII on the basis of sovereign immunity is denied.

### B.  The District

**1.  *Count I: Substantive Due Process Claim Under the Fourteenth Amendment and 42 U.S.C. § 1983***

The District's sole argument on the § 1983 claim is that Plaintiff failed to plead any "egregious sexual contact" by West, meaning that he failed to allege the deprivation of a constitutional right. Doc. [31] at 5.  As extensively discussed above, sexual harassment and abuse are constitutional injuries for § 1983 purposes, and Plaintiff pleads sufficient evidence of such misconduct.  Therefore, the Court denies the District's Motion as to Count I.

### 2.  *Counts II and III: Title IX Claims*

The District's argument that Plaintiff's two Title IX claims fail is two-fold.  First, that Plaintiff failed to demonstrate the District had actual knowledge of the student-teacher harassment when it was occurring. Doc. [31] at 9.  Second, even if the District had actual notice of the student-teacher harassment, that Plaintiff fails to allege the District acted with the necessary deliberate

---

train all employees, teachers and staff on the SLPS policies and procedures").  At this stage of the litigation, at least, the mentioning of the policies, although concise, are "clear enough to give Defendants fair notice of it and sufficient information for pretrial discovery to occur in this regard." *J.I.R. by and though Robinson v. Normandy Schools Collaborative*, 2020 WL 820330, at *2 (E.D. Mo. 2020) (finding allegations sufficient to state a duty for qualified immunity purposes despite "no policy referenced in the complaint or attached to it as an exhibit").

indifference. *Id.* at 9-10.   The Court finds both arguments without merit at this stage in the proceedings.

As to the first argument, the issue here is not whether the District had actual knowledge of the harassment and abuse while it was occurring,[16] but rather, when the District ***did*** acquire actual knowledge, whether it acted with "deliberate indifference." *Gebser*, 524 U.S. at 290 (finding "the response…amounts to deliberate indifference"); *Thelma D.*, 934 F.2d at 935 ("knowledge also subjects the Board to liability for displaying deliberate indifference should it fail to sufficiently remedy the problem"); *Davis*, 526 U.S. at 648 ("A school district is deliberately indifferent when 'its response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances.'").   For the same reasons discussed above, the Court answers this question in the affirmative.   In other words, Plaintiff alleged sufficient facts to show that the District – just like the Individual Defendants – acted with deliberate indifference[17] once it acquired actual knowledge of the student-teacher harassment and abuse.   Accordingly, the Court denies the District's Motion as to Counts II and III.

---

[16] The District notes "Plaintiff has made no allegation that the District had actual knowledge of West's conduct during the 2016-2017 school year or during the 2017 summer" and instead alleges that "Defendants knew o[r] should have known about their employee West and his conduct." Doc. [31] at 9.  Defendant argues that allegations the Individual Defendants "knew or should have known" are insufficient to impose liability under Title IX. *Davis*, 526 U.S. at 642 (holding that a school district is not liable under Title IX for student-teacher harassment it knew or shown have known about). However, the crux of this case is the District's actions and lack of response once it did learn of the harassment, which is sufficient to survive a motion for judgment on the pleadings.

[17] The District argues "once the District became aware of West's inappropriate conduct, it took affirmative steps to protect Plaintiff." Doc. [31] at 10; Doc. [38] at 5 (arguing that the District took steps so that Plaintiff and West would not be in the same school together). However, the pleadings allege an entirely different story. Upon learning of West's misconduct, the District made the decision to force Plaintiff out of school and retain West without any investigation, reprimand, or punishment, which failed to protect Plaintiff. The District also refused Plaintiff the option to stay at Vashon, refused to provide counselling and support for Plaintiff, failed to intervene and stop the harassment and bullying by other students toward Plaintiff, and failed to provide adequate options for Plaintiff to continue his education in an environment that was not hostile. Doc. [1] ¶ 39. Taking the allegations as true, Plaintiff alleges facts showing this is not simply a situation of Plaintiff's "dissatisfaction with the school's response," *Maher*, 915 F.3d at 1213, rather, as Plaintiff alleges, the District acted deliberately indifferent because its lack of response to the harassment was "clearly unreasonable in light of the known circumstances." *Davis*, 526 U.S. at 648.

3.  *Counts IV–VII: Negligence Claims*

The District contends Plaintiff's negligence claims are all barred by sovereign immunity pursuant to Mo. Rev. Stat. 537.600, which, subject to enumerated exceptions, provides that "[s]uch sovereign or governmental tort immunity as existed at common law in [Missouri] . . . shall remain in full force and effect." Doc. [31] at 3–4.  Plaintiff counters specifically noting the statutory waivers to sovereign immunity, including "that a public entity can waive sovereign immunity by the purchase of insurance covering the claims at issue." *Boever v. Special Sch. Dist. of St. Louis Cnty.*, 296 S.W.3d 487, 494 (Mo. Ct. App. 2009); Doc. [37] at 15–16.  In support of that argument, Plaintiff stated he "believes that Defendants have liability insurance against torts committed by its employees," but he admits that he "did not plead that in the Complaint" and requests leave to amend the Complaint. *Id.*  On that point, the Court grants Plaintiff's request to amend the Complaint to add allegations that SLPS has liability insurance, which acts as a waiver against sovereign immunity.  The proposed amended complaint would therefore moot the District's arguments related to its alleged immunity from negligence suits.  Accordingly, the Court denies the District's Motion as to Counts IV-VII as moot.

CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant St. Louis Public School District's Motion for Judgment on the Pleadings, Doc. [30], is **DENIED**.

**IT IS FURTHER ORDERED** that the Individual Defendants Dorothy Rohde-Collins and Kelvin Adams's Motion for Judgment on the Pleadings, Doc. [32], is **GRANTED** in part, and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff is granted Leave to Amend his Complaint.in

accordance with this memorandum, which is due no later than October 22, 2021.


Dated this 23rd day of September, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE